UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DENNIS WILLIAM DIEHL,

    Plaintiff,

v.                                Case No:  6:13-cv-1289-Orl-18TBS

FCCI INSURANCE GROUP, INC.,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is pro se Plaintiff Dennis William Diehl's motion to proceed *in forma pauperis*. (Doc. 2). Upon consideration of the motion and a *sua sponte* analysis of Plaintiff's complaint (Doc. 1), I respectfully recommend that the motion be denied and that this action be dismissed without prejudice.

### I.  Background

Plaintiff filed this action on August 22, 2013. His complaint consists of a face page followed by a blank form. (Doc. 1). In other words, Plaintiff's complaint does not allege anything. On the civil cover sheet Plaintiff describes his cause of action as "Need settlement of $10 billion because of ill decision to sign off work comp, extreme pain rods in back." (Doc. 1-1). His motion to proceed *in forma pauperis* lists no source of income. He states he has not worked in the last two years; he has no money in any bank account; he owns no assets; he spends no money on rent, utilities, home maintenance, clothing, medical expenses, transportation, insurance, taxes, installment payments, or otherwise. In the space on the form to provide the amount Plaintiff spends monthly on food, he wrote "(mom)." He states that he has "no money because of my back and cannot work."

## II. Discussion

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. See id. A claim will be considered frivolous only if it is "without arguable merit." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (quoting Harris v. Menendez, 817 F.2d 737, 739 (11th Cir. 1987)). "A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." Clark v. Ga. Pardons and Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990).

The United States Supreme Court observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). But, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327. A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

Federal Rule of Civil Procedure 8(a) requires a plaintiff to file a "short and plain

statement of the claim showing that the pleader is entitled to relief." Although district courts must apply a "less stringent standard" to the pleading submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted). Plaintiff's complaint does not satisfy the minimum pleading requirements of Rule 8(a). He lists no statement of facts, no statement of jurisdiction, and no cause of action. In addition, his request in the civil cover sheet for a $10 billion settlement is objectively frivolous.

The Supreme Court has cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327. A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam). This Court routinely grants pro se plaintiffs at least one opportunity to amend their pleadings. This case is unique because Plaintiff's complaint does not allege anything and the cryptic statement in the civil cover sheet that Plaintiff needs a $10 billion settlement because he signed off workers compensation and now experiences extreme back pain gives no indication that Plaintiff can state a valid cause of action.

Similarly, Plaintiff's motion to proceed in forma pauperis is due to be denied, as he has not stated any means of existence. If he depends on his mother to survive, he should state that clearly in his motion.

### III. Recommendation

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **DENY** Plaintiff Dennis William Diehl's motion to proceed in forma pauperis, find that his complaint is objectively frivolous, **DISMISS** this action **without prejudice,** and **DIRECT** the clerk to close the file.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on August 26, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties